WILLIAM E. HAWKINS, trading as HAWKINS & CO. *v.* EDGAR CHANDLER.

*Agent—Sale of Real Estate—Commissions.*

To entitle one to commissions on the sale of real estate he must have been the agent of the owner and effected the sale to the purchaser, or conducted the negotiations to such a stage as to complete the bargain so far as it was within his power to make.

·If such agent renders any efficient services which brought about the sale afterwards by the owner or other agent, he may recover a just and reasonable compensation for such services, though not commissions on the sale.

(*New Castle, May, 1889.*)

ASSUMPSIT for services and commissions on a contract for the sale of certain real estate belonging to the defendant, which he authorized plaintiff to sell for $12,000, to have for his commission all he could obtain for it above that price. The property was in the hands of several real estate agents for sale.

William E. Hawkins testified that in January, 1888, J. Miller Thomas came to his office to see what arrangements could be made

for purchasing the property at No. 403 Market street.  The property at No. 604 Market street was then considered.  Hawkins saw Chandler, and the latter said he would sell the property for $12,000, and all over that the agent could have as his commission.

In the meantime Mr. Thomas purchased the property through Joseph L. Carpenter, Jr., for $12,250.

J. Miller Thomas testified that he bought the property through Mr. Carpenter, because he could make better terms.

*Mr. Nields,* for defendant, moved a non-suit. Cites 101 Mass., 255; *Tombs v. Alexander,* 49 N.Y., 561; 36 Conn., 136; 83 N.Y., 378.

*Johnson* and *Hayes* for the plaintiff cites 51 N. Y., 124; 1 Los. Annual, 5; 53 Ind., 294; 2 Houst., 540; 34 Northwestern Rep., 355; 14 Com. Bench, 681.

Motion for a non-suit was refused.

Edgar Chandler testified that he had placed the property in the hands of the various agents for sale, and that Mr. Carpenter had sold it.  Joseph L. Carpenter, Jr., said that the property had been in his hands for sale more than a year before it was sold.

J. Miller Thomas and E. D. R. Sutton were also examined, and the defence rested.

COMEGYS, C. J., charged the jury.  To entitle any one to commissions on the sale of real estate, he must have been the agent of the owner of it, and he must have effected the sale of it to the purchaser, or conducted the negotiation of the sale of it to such a stage as to complete the bargain for the sale of it, so far as it depended upon his action and efforts to accomplish the sale of it.  But if he renders any efficient services as such agent in bringing about the sale of it afterwards by the owner himself, or by any other agent or broker of his employed by him for the sale of it, and the jury is satisfied from the evidence that he rendered any such efficient

service in bringing about the sale afterwards so made of the premises to the purchaser, he is entitled, not to the commission on such sale as agent in the sale of it, but to a just and reasonable compensation for such services as the jury may consider them to have been worth according to the evidence before them.

Verdict for the plaintiff for $25.